LLOYD W. CASNER, INCORPORATED, PLAINTIFF-APPELLANT, v. RALEIGH FITKIN-PAUL MORGAN MEMORIAL HOSPITAL, A CORPORATION, DEFENDANT-RESPONDENT.

Submitted October 27, 1933—Decided January 5, 1934.

For the plaintiff-appellant, *William Hartshorne* (*Theodore D. Parsons,* of counsel).

For the defendant-respondent, *Rhome & Morgan* (*Kays B. Morgan,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. This appeal brings up for review a judgment entered in favor of the respondent and against appellant, as a result of a directed verdict by the trial judge.

The record disclosed the following facts: On August 11th, 1930, respondent entered into a contract with E. G. Woolfolk Company, Incorporated, for the installation of heating, ventilating, plumbing, &c., work. The contractor, in turn, subcontracted the plumbing, &c., to appellant for the sum of $39,649. After the work had been in progress for some time E. G. Woolfolk Company, Incorporated, defaulted. At the time of the default it owed appellant $10,464.82. This default and the nonpayment of the indebtedness resulted in a suspension of the work by appellant. In order to protect itself in the premises, appellant served a stop-notice on the respondent on April 1st, 1931, but neglected, or at least did not file it in the county clerk's office until April 14th, 1931. During the interim (*i. e.,* April 1st to April 14th) other creditors intervened and obtained priority over appellant. The question which thus presented itself was how and by whom the work in question be finished or completed? The proofs show that after some informal negotiations with representatives of respondent a formal, detailed, written contract was entered into on April 17th, 1931, between the appellant and respondent for the undertaking. (*Exhibit P-1.*) This con-

tract provided, *inter alia,* "* * * that the sum to be paid by the owner to the contractor for said work and materials is sixteen thousand four hundred twenty-six dollars and two cents, which amount shall be the outside total for said plumbing in said building to the owner." Later, April 22d, 1931, the same parties entered into a further writing designated as "addenda" (*Exhibit P-2*), in which the parties referred to the earlier instrument stating, among other things, "it is mutually agreed that the amount to be paid by the said party of the second part to the said party of the first part, as designated in paragraph 2 of certain agreement (paragraph 2 calls for the above mentioned payment of $16,426.02), is the total cost to the said party of the second part and includes certain deductions and additions which were mutually agreed upon by the parties hereto." Appended to this writing was a statement showing the original contract price of $39,649, to which are added seven other items aggregating $463, and making a total of $40,112. From this total are deducted certain credits, bringing the amount to $39,886.85. Under that total is the further item, "credit by cash to date, $12,996.01," leaving $26,890.84. Below this total appears "by allowance for amount covered by stop-notice $10,464.82" leaving a balance of $16,426.02. The present suit is based on the theory that under the contracts aforesaid (*Exhibits P-1* and *P-2*), the respondent had contracted to pay appellant the sum of $10,464.82, the amount covered by its stop-notice. It should also be observed, that during the course of the trial, the complaint was amended to include a further count. This count was based on an alleged oral promise made by respondent, through its agents or representatives, to pay this item of $10,464.82 in consideration of appellant's completion of the agreed undertaking. The authority for the making of this alleged oral agreement was challenged. The actual making thereof was denied. The trial judge held that the two contracts embodied the arrangements made between the parties, and that the supplementary count, setting up the oral agreement, was not sustained by proofs. He felt controlled by the case of *Naumberg* v. *Young,* 44 *N. J. L.* 331, and directed

a nonsuit. The propriety of that disposition of the case is now before us.

We think the trial judge was right. Mr. Lloyd W. Casner, president of appellant corporation, himself testified that he regarded the two contracts (*Exhibits P-1* and *P-2*), embodied the arrangements made between his concern and respondent.

The proofs are barren of any corporate action on the part of the respondent for the making of any parol agreement, or the authorization for anyone to make such an agreement in its behalf, or the ratification thereof. It is fundamental that an agreement to bind the corporation must be its act, either (1) by its corporate action, or (2) because made by its authorized agent, or (3) by its ratification. *Thomson* v. *Central Passenger Railway Co.*, 80 *N. J. L.* 328; *Beach* v. *Palisade Realty and Amusement Co.*, 86 *Id.* 238 (at *p.* 241). The trial judge properly disposed of this point.

Appellant strongly urges that the cases of *Mulholland* v. *Jones*, 83 *N. J. L.* 604, and *Garrison* v. *Lane*, 3 *N. J. Mis. R.* 838; 129 *Atl. Rep.* 233, are applicable to the facts of the instant case and therefore controlling. This is not so. Each of the cases cited is free of any written agreement for the undertaking, *i. e.*, the completion of the work. In the instant case, there are distinct and complete writings, fixing the amount for which appellant undertook to do the work and the sum which the respondent agreed to pay for that work. The first contract (*Exhibit P-1*), clearly and simply shows the work contemplated, and the consideration which the respondent agreed to pay to appellant. The "addenda" (second contract, *Exhibit P-2*) restates the consideration involved and in addition thereto details in figures the basis upon which the consideration price was reached and fixed. In each of the aforesaid cases, urged by appellant, there was no written agreement for the completion of the work. In each of these cases, and cases wherein recovery was permitted, the consideration was based on a separate and distinct oral agreement to complete the work. The subject-matter of the instant case is not separate and distinct. It is incorporated in the writing

between the parties. The cases cited by appellant are obviously not parallel. They are clearly distinguishable and therefore not applicable.

Judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.

*For reversal*—None.